UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALEJANDRO ALDANA and SCOTT GALLIE, individually and on behalf of all others similarly situated,

            Plaintiffs,

  -v-                                                    No.  22-CV-7063-LTS-VF

GAMESTOP, INC.,

            Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

On February 21, 2024, this Court issued a Memorandum Opinion and Order (docket entry no. 27 (the "Opinion")) denying the motion of GameStop, Inc. ("GameStop" or "Defendant") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). GameStop now seeks certification under 28 U.S.C. § 1292(b) of an immediate interlocutory appeal of the Court's decision. (Docket entry no. 33 (the "Motion").)  The Court has considered the parties' submissions carefully and, for the following reasons, the Motion is denied.

### DISCUSSION[1]

Certification of an interlocutory order for immediate appeal is governed by 28 U.S.C. § 1292(b).  Under that statute, certification is only appropriate if the district court determines: "(1) that such order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation."  In re Facebook, Inc., IPO

---

[1] Familiarity with the Opinion is presumed for purposes of this Discussion.

Sec. and Derivative Litg., 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing 28 U.S.C. § 1292(b)).  Because "[i]nterlocutory appeals are strongly disfavored in federal practice," In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010), the requirements of § 1292(b) must be strictly construed, and, even then, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Alphonse Hotel Corp. v. Tran, No. 13-CV-7859-DLC, 2014 WL 516642, at *3 (S.D.N.Y. Feb. 10, 2014) (quoting Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996)).  "The Court has discretion in determining whether the three conjunctive requirements of [§] 1292(b) have been met[,] and "[d]istrict courts are urged to 'exercise great care in making a § 1292(b) certification.'"  Quinn v. Altria Grp., Inc., No. 07-CV-8783-LTS-RLE, 2008 WL 3518462, at *3 (S.D.N.Y. Aug. 1, 2008) (quoting Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir.1992)).

GameStop argues, and Plaintiff concedes, that the Opinion involved a controlling question of law and that an immediate appeal may materially advance the ultimate termination of this litigation, as a reversal of the Opinion would almost certainly require the dismissal of the complaint.  (See docket entry no. 38 ("Reply") at 1.)  The key dispute for the purposes of the instant motion is, therefore, whether a "substantial ground for difference of opinion" exists regarding the Court's decision.

A "substantial ground for a difference of opinion" may exist where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  Consub Del. LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), aff'd, 543 F.3d 104 (2d Cir. 2008) (citation omitted).  "However, it is not sufficient that the relevant case law is 'less than clear' or allegedly 'not in accord,' or that

there is a 'strong disagreement among the parties.'" Id. (citations omitted). "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, No. 04-CV-10014-PKL, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005) (citations omitted).

    Contrary to its assertions, GameStop has not identified conflicting authority on the issue. The cases that GameStop characterizes as "directly conflict[ing]" with the Opinion (docket entry no. 34 ("Def. Mem.")) at 1) are inapposite. For instance, each of the cases that GameStop cites for the proposition that "[n]umerous federal courts in the past year have held that VPPA content must be a product in and of itself to which the defendant has tailored its business" (id. at 1-2) held that prerecorded videos created for the purposes of marketing are too "peripherally or passively" related to the businesses in question to be covered by the VPPA. See, e.g., Cantu v. Tapestry, Inc., No. 22-CV-1974-BAS-DDL, 2023 WL 6451109, at *3, *5 (S.D. Cal. Oct. 3, 2023) (holding that marketing videos created by purse retailer were not content covered by VPPA); Carroll v. Gen. Mills, Inc., No. 23-CV-1746-DSF-MRW, 2023 WL 4361093, at *4 (C.D. Cal. June 26, 2023) (holding that videos created for cereal company's "brand awareness" were not content covered by the VPPA). Plaintiffs here allege that the video games they purchased from GameStop, unlike the marketing videos in the cases that GameStop cites, "contain[] video cut scenes." (FAC ¶¶ 51, 56.)[2] To the extent that the Opinion held that Plaintiffs adequately alleged that short video clips are embedded in the products that GameStop has tailored its business to selling, (see Opinion at 13), GameStop's cited cases are not in conflict

---

[2]  "Cut scenes" are "video clips within a video game" that move the narrative of the game forward. (Opinion at 4 n.1.)

with the Opinion.

GameStop also argues that another decision—<u>Martin v. Meredith Corp.</u>, 657 F. Supp. 3d 277 (S.D.N.Y. 2023), <u>appeal withdrawn</u>, No. 23-412, 2023 WL 4013900 (2d Cir. May 24, 2023)—conflicts with the Opinion. (Def Mem. at 7-8.) That decision, which did not involve marketing videos, is distinguishable for a different reason: In <u>Martin</u>, the Court concluded that "[s]imply sending a URL of a . . . webpage which may or may not include a video does not show that a person requested or obtained specific video materials or services." 657 F. Supp. 3d at 285. Here, in contrast, Plaintiffs explicitly alleged that GameStop disclosed the specific titles of video games, which contain specific cut scenes, through the Facebook Pixel. (FAC ¶¶ 51, 56.) For the reasons stated in the Opinion, "there is no question that disclosing the name of the video game purchased also discloses the cut scenes that are included in that particular video game." (Opinion at 15 n.4.) The Opinion, therefore, is not in conflict with <u>Martin</u>.

Not only is there a dearth of conflicting authority, but the Opinion is also consistent with other courts' interpretation of the VPPA in recent years. Indeed, the only court to have cited the above-captioned case explicitly placed the Opinion within the "consensus of courts" that have concluded "that audio-visual materials must include some prerecorded video content to trigger application of the VPPA." <u>Mendoza v. Caesars Ent., Inc.</u>, No. 23-CV-03591, 2024 WL 2316544, at *2 (D.N.J. May 22, 2024) (citing the above-captioned case; <u>In re Hulu Privacy Litig.</u>, No. 11-CV-03764, 2012 WL 3282960, at *5 (N.D. Cal. Aug. 10, 2012); <u>Stark v. Patreon, Inc.</u>, 635 F. Supp. 3d 841, 851 (N.D. Cal. 2022); and <u>Louth v. NFL Enters.</u>, No. 21-CV-405, 2022 WL 4130866, at *4 (D.R.I. Sept. 12, 2022)). GameStop, therefore, has failed to show "conflicting authority" with the Opinion that would warrant immediate appellate review.

Consub Del. LLC, 476 F. Supp. 2d at 309.

GameStop has also failed to sufficiently demonstrate that the Opinion concerns an "issue [that] is particularly difficult and of first impression for the Second Circuit." Id.  While this Court was the first to consider the question of whether the VPPA applies to the kinds of video games that GameStop sells, "[t]he mere presence of a question of first impression is insufficient to demonstrate a substantial ground for difference of opinion." In re Johns-Manville Corp., No. 19-CV-4039-LTS, 2019 WL 5965205, at *3 (S.D.N.Y. Nov. 13, 2019).  Moreover, while the Opinion noted that the statutory interpretation question raised in this case was "challenging," (Opinion at 8), it is not extraordinarily so.  As GameStop noted, "federal district courts have seen over 200 cases filed invoking" the VPPA since 2022.  (Reply at 3.)  To the extent that courts across the country have largely adhered to a "consensus" regarding the proper interpretation of the VPPA, see Mendoza, 2024 WL 2316544, at *2, the statutory interpretation issue is not so difficult that it generates the "exceptional circumstances" required to certify the Opinion for interlocutory appeal, Tran, 2014 WL 516642, at *3.

In any event, appellate review would be premature at this juncture.  As the Court explained in its Opinion, the meaning of "similar audio visual material" under the VPPA "refers more narrowly to pre-recorded videos that are films or have similar content rather than the generic world of audio visual materials that are pre-recorded, full stop." (Opinion at 11 (quotation marks and citation omitted).)  The Court denied GameStop's motion to dismiss because Plaintiffs alleged that the video games that they purchased included cut scenes, which are like the short video clips that other courts have determined are covered by the VPPA. (Opinion at 12.)  The Court carefully summarized the basis of its decision as follows:

> Plaintiffs have plausibly pled that GameStop is a "video tape service provider" under the VPPA by alleging GameStop sold video games that include cut scenes.

> Because businesses that "that provide [VPPA-covered] video content as well as other media content" that is not covered by the VPPA "are video service providers under the VPPA[,]" [Golden v. NBCUniversal Media, LLC, No. 22-CV-9858-PAE, 2023 WL 5434378, at *4 (S.D.N.Y. Aug. 23, 2023)], those allegations are sufficient as to the issue of video tape service provider status.

(Opinion at 14.)  The Court's narrow holding hinged on the nature of the cut scenes allegedly contained in the video games that Plaintiffs purchased from GameStop.  At this stage of the litigation—before discovery has closed, and before the parties have proffered evidence indicating whether or not the alleged "cut scenes" are, in fact, "similar" to the audio visual material specifically identified in the VPPA—, the Opinion is not ripe for appellate review.[3]

## CONCLUSION

For the foregoing reasons, the Motion for Certificate of Appealability is denied. This case remains referred to Magistrate Judge Figueredo for general pretrial management. This Memorandum Order resolves docket entry no. 33.

SO ORDERED.

Dated: June 24, 2024
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Even GameStop appears to acknowledge the factual disputes underlying the question it seeks to appeal immediately.  (See Def. Mem. at 19 ("Cut scenes are not necessarily prerecorded.").)